_____



**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **LARRY PAUL OSBORNE, II** | ) | **Case No. 19-10879-JDW** |
| | ) | |
| **DEBTOR.** | ) | **Chapter 13** |

## ORDER SUSTAINING OBJECTION TO CONFIRMATION (DKT. # 18)

This matter came before the Court for hearing on the Objection to Confirmation (Dkt. # 18) filed by the Chapter 13 Trustee. The debtor, Larry Paul Osborne, II, filed his chapter 13 bankruptcy petition on March 1, 2019. At issue is $4,000 of non-exempt cash belonging to the debtor, currently held in trust by his attorney. The parties do not dispute that the funds are non-exempt property of the bankruptcy estate. 11 U.S.C. § 541. The debtor argues that he should be able to spend this money because he is paying his unsecured creditors in full through the plan. (Dkt. # 2). The Court concludes that the creditors are entitled to the money now and the trustee's Objection to Confirmation is due to be sustained.

In a chapter 13 case, unsecured creditors must be paid at least what they would be paid in a chapter 7 liquidation. 11 U.S.C. § 1325(a)(4). All non-exempt property of the estate must be considered in the liquidation analysis and available to pay creditors. *In re Garcia*, 499 B.R. 506, 514 (Bankr. N.D. Tex. 2013) (" . . . the homestead proceeds were non-exempt property of the estate . . . as such, are necessarily part of any hypothetical liquidation analysis under the best interest test.

Because the plan fails to provide for the distribution of the sale proceeds to creditors, it does not comply with section 1325(a)(4).").

The issue is risk allocation. Cash differs from other tangible non-exempt property of the estate, which debtors typically retain during the case. 11 U.S.C. § 1306(b). For example, when a debtor proposes to keep a non-exempt car and pay the value to unsecured creditors, the car still exists and has value even though the debtor is using it. If the case is later converted to chapter 7, the asset is available for liquidation. Additionally, insurance typically covers the risk of loss. Here, once the cash is spent, it will be gone. There will be no value remaining for creditors if the plan fails.

If the debtor spends the cash now, which he plans to do, and later defaults, the asset is gone. If the money is held in escrow until the end of the case, neither party will have the use of the cash and no one will benefit. If the money is paid into the debtor's plan now, it will be immediately distributed to creditors and the debtor's plan payment will be reduced accordingly, benefitting the unsecured creditors and the debtor.

Given that the money is clearly non-exempt estate property, creditors are entitled to the money now. The debtor could point to no authority showing otherwise. Paying the money into the plan preserves the creditors' rights through immediate distribution and benefits the debtor by lowering his plan payment. Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the trustee's objection is **SUSTAINED** and the $4,000 must be turned over to the trustee for distribution to creditors. The debtor's plan payment shall be lowered accordingly.

##END OF ORDER##